# Booth & Flinn, Appellants, *v.* Pittsburgh.

*Municipality—Paving contract—Interest.*

Interest does not run upon a contract, until the time fixed for payment, unless especially provided for in the contract.

A contract by a municipality to pay a contractor for paving when the assessments shall have been made and collected, and if the assessments shall not have been collected at the end of two years "the whole amount then unpaid to the contractor shall thereupon become due," does not bear interest prior to the end of the two years.

Argued Nov. 8, 1892. Appeal, No. 267, Oct. T., 1892, by plaintiffs, Booth & Flinn, from order of C. P. No. 1, Allegheny Co., March T., 1892, No. 443, discharging rule for judgment for want of sufficient affidavit of defence. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rule for judgment for want of a sufficient affidavit of defence in assumpsit on contract for paving.

From the record it appeared that plaintiffs performed the work under a contract which contained, among others, the following clauses:

"And in consideration of the faithful fulfillment of the terms of the contract by the contractor as set forth and described in the foregoing specifications, the said city of Pittsburgh has agreed, and hereby does agree, to pay to the said party of the second part, on estimates furnished by the superintendent of engineering and surveys, the contract price therefor, when the assessment of the cost of said work shall have been made and collected; provided, however, that said assessment shall be collected within the period of two years from the date of the completion of said work.

"And provided, further, that if said assessment shall not have been collected at the expiration of that time the whole amount then unpaid to the contractor shall thereupon become due to said contractor."

The work was completed and accepted by the city on Nov. 27, 1889.   The contract was dated Aug. 22, 1889.   Plaintiffs claimed interest on the portion of the contract price unpaid from Nov. 27, 1889, to Nov. 27, 1891.   Defendant, by affidavit of defence filed, denied liability for interest.

The court made absolute a rule for judgment as to principal, but discharged the rule for judgment as to interest.

*Error assigned* was discharge of rule for judgment as to interest.

*J. H. White*, for appellant, cited : Penrose v. Hart, 1 Dal. 378 ; Com. v. Vanderslice, 8 S. & R. 452 ; Spires v. Hamot, 8 W. & S. 17 ; Mining Co. v. Jones, 108 Pa. 55 ; Acts of April 16, 1870, P. L. 1179, § 1 ; May 13, 1871, P. L. 840, § 7 ; March 20, 1873, P. L. 325, § 5 ; June 14, 1887 ; May 16, 1891, P. L. 80.

*William C. Moreland*, for appellee, not heard, cited : Richards v. Gas. Co., 130 Pa. 37 ; Second Street, 66 Pa. 132 ; Minard v. Beans, 64 Pa. 413 ; Kelsey v. Murphy, 30 Pa. 341.

PER CURIAM, January 3, 1893 :

It is a well understood principle of law that interest does not run upon a contract, unless especially provided for therein, until the time fixed for payment.   In other words, interest will not be allowed until the time of payment has arrived, unless especially contracted for.

There is nothing in this case to show a contract to pay interest on this claim, and we think the court below was right in entering judgment for the principal without interest.

Judgment affirmed.